The RELIABLE LIFE INSURANCE COMPANY, Appellant,

v.

Mary Essie WILLIAMS, Appellee.

No. 7602.

Court of Civil Appeals of Texas, Beaumont.

Aug. 29, 1974.

Strong, Pipkin, Nelson, Parker & Powers, Beaumont, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

STEPHENSON, Justice.

Mary Essie Williams, plaintiff, brought this suit against The Reliable Life Insurance Company on a policy of life insurance issued upon the life of her deceased husband, Johnnie Williams. Trial was before

the court, and judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

The trial court found that the insured was in good health the date the policy was issued. Defendant's only two points of error are that such finding has no support in the evidence, and that it is contrary to the great weight and preponderance of the evidence. We pass upon the no-evidence point by considering only the evidence favorable to such finding, and we pass upon the other point by considering the entire record.

This policy, dated March 12, 1973, contains this provision:

"This Policy shall become effective on the Policy Date if the Insured is then alive and in good health, but not otherwise."

There is no evidence in this record to support a finding that the insured was in good health on March 12, 1973. The only testimony on that subject is found in these three instances:

(1) Plaintiff was asked this question: "Well, just before his death, I'll ask you, from your observation of him, did he appear to be in sound and good health?" To which she replied: "Yes, sir, yes, sir."

(2) Defendant's agent, who took this application, testified the information was given to him by the plaintiff and daughter and that the insured was not present on March 8, 1973, when the application was taken. He had seen the insured about a week before working in the yard, and, as far as he knew, insured was in good and sound health.

(3) Plaintiff's daughter testified that the day before she took him to the hospital, her father appeared to be in good health and was in and out of her house drinking coffee. She took him to the hospital April 2, 1973, which was the day he died.

This case is controlled by the law expressed in Texas Prudential Insurance Company v. Dillard, 158 Tex. 15, 307 S.W.2d 242, 247 (1957), to the effect that where the insured, at the time of taking out a policy with a "good health" stipulation, is suffering from a serious kind of illness, which continues and eventually causes his death, the condition of "good health" is not fulfilled. In that case, as in the one before us, lay witnesses testified the insured appeared to be in good health, but the medical evidence established conclusively that the insured was suffering from a serious disease at the time which eventually resulted in death.

The uncontroverted evidence shows the following: The insured was admitted to John Sealy Hospital in Galveston November 17, 1969, and discharged November 26, 1969; the records showing he had a chest lesion which he declined to have removed. He was admitted to that hospital again March 12, 1973, (the date of this policy) and discharged March 21, 1973, at which time he was diagnosed to have carcinoma of the lung, or lung cancer. The records of Baptist Hospital in Beaumont show the insured was admitted April 2, 1973, at 3:10 p. m. Dr. Joseph M. Finley testified that he was the emergency room physician at Baptist Hospital on that date and was with the insured some forty of the fifty minutes he was there before he died. He took a medical history from the insured's daughter and was informed of the insured's history of lung cancer. That insured at that time was very thin and wasted with acute respiratory distress; x-rays revealed a partially collapsed lung on the right side. That insured's immediate cause of death was congestive heart failure, and the underlying cause was carcinoma of the lung. In his opinion the lung cancer began before March 12, 1973, and progressed until it eventually led to his death April 2, 1973. That the insured had carcinoma some weeks and months before March 12, 1973. That insured was not in good health

March 12, 1973. Defendant discharged its burden of showing conclusively that the insured was not in good health March 12, 1973.

Reversed and rendered.